# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * **   *
                                     *
VICTOR GLEN WILKES,                  *
                                     *
              Plaintiff,             *
                                     *   No. 18-715C
v.                                   *   Filed: July 17, 2018
                                     *
UNITED STATES,                       *
                                     *
              Defendant.             *
                                     *
* * * * * * * * * * * * * * * * **   *
```

  **Rose M. Feller**, Feller Law PA, Lake Mary, FL, for the plaintiff.

  **Steven M. Mager**, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## O R D E R

**HORN, J.**

  On May 21, 2018, plaintiff, Victor Glen Wilkes, filed a complaint titled, "UNJUST CONVICTION AND IMPRISONMENT 28 U.S.C. §§ 1495, 2513," (capitalization in original), in the United States Court of Federal Claims alleging that he was wrongfully convicted by defendant, the United States, in 2004 "for violating 18 U.S.C. § 924(e), and was imprisoned solely in relation thereto from as early as May of 2004 until July of 2017." Plaintiff also filed an Application to Proceed In Forma Pauperis on May 21, 2018. Plaintiff seeks monetary damages, "at least equal to $136.99 per day for 13 years, 1 month, and 23 days, or $657,260.47 . . . as well as attorney fees and the costs of this action," citing to 28 U.S.C. § 1495 (2012) and 28 U.S.C. § 2515 (2012).

## FACTS

  According to plaintiff's complaint, in 2004, plaintiff was convicted "of violating 18 U.S.C. § 922(g) (felon in possession of a firearm), and § 924(e) (armed career criminal)," and "received a sentence of 189 months" in prison. Plaintiff asserts that without the 18 U.S.C. § 924(e) conviction, he "would have been sentenced to no more than 8 months in prison, and likely would have received no more than 2 months in prison." The complaint alleges:

> In February of 2016, Wilkes sought permission from the Fourth Circuit Court of Appeals to file a second or successive Motion to Vacate his sentence on the ground that his § 924(e) conviction was illegal and that he was actually innocent of that conviction because certain of his prior crimes could not be

used under § 924(e) because they were not "convictions" under South Carolina law and were, instead, "treatments" under South Carolina's Youthful Offender Act, and because even if they were convictions, they were not "violent felonies" for purposes of § 924(e).

Plaintiff's complaint also states that while he was in custody, he appealed his conviction and filed several habeas corpus motions. Exhibits attached to plaintiff's complaint appear to indicate that plaintiff was granted permission by the United States Court of Appeals for the Fourth Circuit, "to file a second or successive motion under § 2255," and that he subsequently filed a Motion to Vacate on May 3, 2016 in the United States District Court for the District of South Carolina – Florence Division. On July 26, 2016, plaintiff filed an unopposed motion in the United States District Court for the District of South Carolina, for release from custody, as well as a, "Memorandum in Support of his Motion to Vacate (Dkt. #68-1)." On August 3, 2016, a Judge of the United States District Court for the District of South Carolina, ordered the United States Attorney for the District of South Carolina to respond within 30 days. On September 6, 2016, an Assistant United States Attorney for the District of South Carolina – Florence Division, and the Assistant Federal Public Defender on behalf of the plaintiff, entered into a joint motion to vacate, whereby the United States consented to:

> Wilkes' claims of innocence as set forth in the Motion and Memorandum, on the ground that his prior crimes could not be used under § 924(e) because (1) they were not "convictions" under South Carolina law and were, instead, "treatments" . . . and (2) because, even if they were convictions, they were not "violent felonies" for purposes of § 924(e).

Plaintiff's complaint states that, thereafter "[t]he district court vacated Wilkes' § 924(e) conviction and ordered that Wilkes' Presentence Report be amended to reflect his proper Guideline Sentencing Range, based solely on his conviction under § 922(g)."[1] Plaintiff claims that his revised sentencing range under 18 U.S.C. § 922(g) was 2 to 8 months, as compared to his previous sentencing range under 18 U.S.C. § 924(e), which was 188-235 months. Plaintiff also alleges that, "[d]espite the government's admission that Wilkes was actually innocent of his § 924(e) conviction . . . the district court took no action until counsel for Wilkes filed a motion for immediate re-sentencing on May 23, 2017."[2]

In addition to seeking $657,260.47 and attorneys' fees and costs, Mr. Wilkes also indicates that during his conviction he performed jobs for the benefit of the government "for much less than an adequate wage," and "experienced loss of income, consortium,

---

[1] Plaintiff did not provide any record of such an order to substantiate his statements when he filed his complaint in this court.

[2] Plaintiff also did not include any record of the plaintiff's motion for re-sentencing. Furthermore, although plaintiff's complaint references a sentencing hearing on June 28, 2017, as well as a court order of his release, he also did not provide a record to substantiate either of those events.

enjoyment of time with his family, loss of liberty, and suffered from the emotional trauma of spending day after day in federal prison."

## DISCUSSION

As noted above, along with his complaint plaintiff filed an Application to Proceed In Forma Pauperis. In order to provide access to this court for those who cannot pay the filing fees mandated by Rule 77.1(c) (2018) of the Rules of the United States Court of Federal Claims (RCFC), 28 U.S.C. § 1915 (2012) permits a court to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances. Section 1915(a)(1) states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[3] possesses [and] that the person is unable to pay

---

[3] A number of courts have reviewed the words of 28 U.S.C. § 1915(a)(1), regarding in forma pauperis applications by non-prisoner litigants in federal courts, and have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed in forma pauperis in federal court. See, e.g., Manning v. United States, 123 Fed. Cl. 679, 682-83 (2015) ("The Federal Circuit has in effect endorsed this construction of Section 1915 in a non-precedential decision. See Jackson v. United States, 612 Fed. Appx. 997, at *2 (Fed. Cir. May 18, 2015) (affirming a Court of Federal Claims dismissal of a non-prisoner's complaint for frivolousness under Subparagraph 1915(e)(2)(B))"); Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners."); Haynes v. Scott, 116 F.3d 137, 139 (5th Cir. 1997) (noting that "[t]here is no indication in the statute or the legislative history of [§ 1915] that Congress meant to curb [in forma pauperis] suits by nonprisoners."); Floyd v. United States Postal Serv., 105 F.3d 274, 275-76 (6th Cir.), reh'g denied (6th Cir. 1997); Schagene v. United States, 37 Fed. Cl. 661, 663 (1997), appeal dismissed, 152 F.3d 947 (Fed. Cir. 1998); see also In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (discussing how to administer in forma pauperis rights to a non-prisoner, thereby acknowledging the rights of non-prisoners to apply for in forma pauperis status); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1) seemingly to indicate that the use of that word was too narrow); Smith v. United States, 113 Fed. Cl. 241, 243 (2013); Powell v. Hoover, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that a "fair reading of the entire section [28 U.S.C. § 1915(a)(1)] is that it is not limited to prisoner suits."). Moreover, 28 U.S.C. § 1915(a)(1) refers to both "person" and "prisoner." The word "person" is used three times in the subsection, while the word "prisoner" is used only once. This court, therefore, finds that the single use of the word "prisoner" in the language of 28 U.S.C. § 1915(a)(1) was not intended to eliminate a non-prisoner from proceeding in federal court in forma pauperis, provided that the civil litigant can

such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). Therefore, the statute at 28 U.S.C. § 1915(a)(1) requires a person to submit an affidavit with a statement of all the applicant's assets, and that the affidavit state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. See id.

When enacting the in forma pauperis statute, 28 U.S.C. § 1915, Congress recognized that "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)); see also McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007).  Accordingly, Congress included subsection (e) in the in forma pauperis statute, which allows courts to dismiss lawsuits determined to be "frivolous or malicious." 28 U.S.C. § 1915(e). The United States Supreme Court has found that "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless' . . . a category encompassing allegations that are 'fanciful' . . . 'fantastic' . . . and 'delusional . . . .'" Denton v. Hernandez, 504 U.S. at 32-33 (internal citations omitted); see also Floyd v. United States, 125 Fed. Cl. 183, 191 (2016); Jones v. United States, 122 Fed. Cl. 543, 545 (2015); McCullough v. United States, 76 Fed. Cl. At 3 ; Schagene v. United States, 37 Fed. Cl. at 663.   Courts, however, should exercise caution in dismissing a case under section 1915(e) because a claim that the court perceives as unlikely to be successful is not necessarily frivolous.  See Denton v. Hernandez, 504 U.S. at 33.  As stated by the United States Supreme Court, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id.

The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor."  Determination of what constitutes "unable to pay" or unable to "give security therefor," and therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217–18 (1993); Roberson v. United States, 115 Fed. Cl. 234, 239, appeal dismissed, 556 F. App'x 966 (Fed. Cir. 2014); Fuentes v. United States, 100 Fed. Cl. 85, 92 (2011). This court and its predecessors were established to make available a user friendly forum in which plaintiffs can submit their legitimate claims against the sovereign, limited only by the legislative decision to waive sovereign immunity as to the types of claims allowed.  In fact, prominently posted at the entrance to this courthouse are the words of Abraham Lincoln: "It is as much the duty of

---

demonstrate appropriate need. Any other interpretation is inconsistent with the statutory scheme of 28 U.S.C. § 1915.

government to render prompt justice against itself, in favor of citizens, as it is to administer the same, between private individuals."

Interpreting an earlier version of the in forma pauperis statute, the United States Supreme Court offered the following guidance:

> We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute. We think an affidavit is sufficient which states that one cannot because of his poverty "pay or give security for the costs . . . and still be able to provide" himself and dependents "with the necessities of life." To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution. We think a construction of the statute achieving such consequences is an inadmissible one.

Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948) (omissions in original). In Fiebelkorn v. United States, for example, a Judge of the United States Court of Federal Claims indicated that:

> [T]he threshold for a motion to proceed in forma pauperis is not high: The statute requires that the applicant be 'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.

Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also McDermott v. United States, 130 Fed. Cl. 412, 414 (2017) (quoting Fiebelkorn v. United States, 77 Fed. Cl. at 62); Fuentes v. United States, 100 Fed. Cl. at 92; Brown v. United States, 76 Fed. Cl. 762, 763 (2007); Hayes v. United States, 71 Fed. Cl. 366, 369 (2006).

In his Application to Proceed In Forma Pauperis, plaintiff Victor Glen Wilkes indicates that he is employed and his salary is "13 per hour 40 per week." Because Mr. Wilkes only provided his hourly rate, his annual take-home salary is unclear. Mr. Wilkes also stated that he owns a boat valued at $3,500.00, and has $1,500.00 in his checking account, noting that the total reflected a recent paycheck deposit. Mr. Wilkes estimated his monthly expenses for room and board total $450.00, and indicated he pays $271.00 "for a bank loan." Because no record of the bank loan was included in the monthly expenses inquiry, it is unclear whether this is a balance or a reoccurring payment. Mr. Wilkes indicated he did not receive any money from the following sources in the past year:

"Business, profession, or other forms of self-employment," "[r]ent payments, interest, or dividends," "[p]ensions, annuities, or life insurance payments," or, "[g]ifts or inheritances." Mr. Wilkes' application does not declare responsibility for any dependents, nor does he mention any additional debts or expenses.

The court recognizes that Mr. Wilkes has retained representation by counsel for the instant lawsuit. In order to determine how this representation relates to Mr. Wilkes' possible in forma pauperis eligibility, the court would need clarification as to how such representation is being paid for, or if Ms. Rose Feller, plaintiff's counsel of record in the current case, is representing Mr. Wilkes pro bono.

Based on the limited information provided by Mr. Wilkes in his Application to Proceed In Forma Pauperis, the court cannot, at this time, conclude that plaintiff would suffer a substantial hardship if required to pay court fees. See Fiebelkorn v. United States, 77 Fed. Cl. at 62; see also Hayes v. United States, 71 Fed. Cl. at 369. Therefore, plaintiff Victor Glen Wilkes has not yet demonstrated eligibility pursuant to 28 U.S.C. § 1915 to pursue this action in forma pauperis. Mr. Wilkes' Application to Proceed In Forma Pauperis, however, is moot, at this time because, as discussed below, his complaint is being dismissed, without prejudice, for lack of jurisdiction.

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)). The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521

F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims

premised on other sources of law (*e.g.*, statutes or contracts).")."If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Price v. United States, 133 Fed. Cl. 128, 130 (2017); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2018); Fed. R. Civ. P. 8(a)(1), (2) (2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570. To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

In general, the jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994);[4] see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) (holding that "this court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts.") (internal citations omitted). Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Fullard v. United States, 78 Fed. Cl. 294, 301 (2007) ("Plaintiff alleges criminal fraud, a subject matter over which this court lacks jurisdiction.") (citing 28 U.S.C. § 1491); see also McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied 552 U.S. 1050 (2007); Matthews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), recons. denied, 73 Fed. Cl. 524 (2006).

Plaintiff asserts, however, that this court has jurisdiction to adjudicate his claim of unjust conviction and imprisonment under 28 U.S.C. § 1495. It is correct that according to 28 U.S.C. § 1495, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. In Humphrey v. United States, this court stated that Section 1495 of Title 28, "must be read in conjunction with 28 U.S.C. § 2513." Humphrey v. United States, 52 Fed. Cl. 593, 596 (2002), aff'd, 60 F. App'x 292 (Fed. Cir. 2003) (citations omitted); see also Abu-Shawish v. United States, 120 Fed. Cl. 812, 813 (2015) ("To establish jurisdiction, however, a plaintiff seeking compensation under Section 1495 must also meet the requirements of 28 U.S.C. § 2513(a)(1)."). The statute at 28 U.S.C. § 2513 states:

> **(a)** Any person suing under section 1495 of this title must allege and prove that:
>
> > **(1)** His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
> >
> > **(2)** He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of

---

[4] The Court of Appeals for the Federal Circuit recently reaffirmed in an unpublished opinion that "[t]he Court of Federal Claims likewise lacks jurisdiction to adjudicate claims brought under federal or state criminal statutes." Spitters v. United States, 710 F. App'x 896, 897 (Fed. Cir. 2018) (citing Joshua v. United States, 17 F.3d at 379).

Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

**(b)** Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

**(c)** No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.

**(d)** The Court may permit the plaintiff to prosecute such action in forma pauperis.

**(e)** The amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff.

28 U.S.C. § 2513 (emphasis in original); see also Abu-Shawish v. United States, 120 Fed. Cl. at 813 ("[I]n order for this court to have jurisdiction, a plaintiff must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes."); Carpenter v. United States, 118 Fed. Cl. 712, 713 (2014) ("Jurisdiction conferred by Section 1495 is limited to a plaintiff who proves that his conviction has been reversed or set aside on the grounds that he is not guilty . . . or that he has been pardoned."), aff'd, 603 F. App'x 935 (Fed. Cir. 2015). In Humphrey, this court indicated, "[t]hese jurisdictional requirements [of 28 U.S.C. § 1495 and 28 U.S.C. § 2513] are strictly construed, and a heavy burden is placed upon a claimant seeking relief under such provisions." Humphrey v. United States, 52 Fed. Cl. at 596; see also Bobka v. United States, 133 Fed. Cl. 405, 409 (2017) (dismissing plaintiff's unjust conviction and imprisonment claim because he failed to allege or establish obtaining a certificate of innocence or receiving a pardon); Wood v. United States, 91 Fed. Cl. 569, 577 (2009) (holding that compliance with 28 U.S.C. § 2513, including submission of a certificate of innocence from the federal district court, is a prerequisite to the jurisdiction of the Court of Federal Claims). Additionally, as noted in Sykes v. United States, 105 Fed. Cl. 231 (2012), "a certificate or pardon must 'either explicitly or by factual recitation' state that the plaintiff has satisfied the requirements of Section 2513." Id. at 233 (quoting Humphrey v. United States, 52 Fed. Cl. at 597).

As noted above, the unjust conviction statute provides recourse to United States citizens who have been wrongfully convicted of crimes against the United States, and imprisoned as a result. See 28 U.S.C. § 2513. As the court in Humphrey v. United States, explained, however:

> The purpose of the unjust conviction statutes is to partially right an irreparable wrong done to a United States citizen who was wrongfully imprisoned. However, the legislative history indicates that Congress did not intend to indemnify every imprisoned person whose conviction has been set aside. Consequently, Congress attempted to accomplish this goal by requiring a plaintiff to obtain a certificate from the appropriate court or a pardon, specifically reciting the requirements of 28 U.S.C. § 2513.

52 Fed. Cl. at 597 (citations omitted). As indicated, at a minimum, plaintiff must demonstrate that his sentence under 18 U.S.C. § 924(e) (2012) was vacated on the grounds that he should not have been sentenced pursuant to the provisions of 18 U.S.C. § 924(e) and he must provide a certificate of innocence from the United States District Court for the District of South Carolina, or an official pardon, pursuant to 28 U.S.C. § 2513.

> While the document need not be titled a "certificate of innocence," it must substantively provide: (1) that plaintiff's conviction has been reversed or vacated on the grounds that he was not guilty of the offense for which he was convicted; (2) that plaintiff did not commit any of the acts charged or that his actions or omissions in connection with such charge constituted no offense against the United States or any state, territory, or the District of Columbia; and (3) that plaintiff did not bring about his own prosecution by neglect or misconduct.

Wood v. United States, 91 Fed. Cl. at 578 (citations omitted).

In his complaint, plaintiff does not contest the legitimacy of his 18 U.S.C. § 922(g) (2012) conviction. Plaintiff however, contests the sentence enhancement pursuant to 18 U.S.C. § 924(e). In support of his claims, plaintiff appears to rely primarily on a joint consent motion attached to his complaint, signed by himself and the Assistant United States Attorney, titled, "CONSENT MOTION FOR (1) JUDGMENT IN FAVOR OF PETITIONER AS TO THE PENIDNG 28 U.S.C. § 2255 PETITION; AND (2) AN EXPEDITED RE-SENTENCING HEARING." (capitalization in original). The attachments submitted by plaintiff with his complaint, however, do not provide any indication that his primary conviction was vacated on the grounds of innocence. Throughout his complaint, plaintiff alleges his innocence, and references the court orders that vacated his 18 U.S.C. § 924(e) sentence and ordered his release. As noted above, however, plaintiff did not include the documentation required. In fact, plaintiff's complaint does not indicate whether he has obtained a certificate of innocence from the United States District Court for the District of South Carolina, nor does he suggest that he has petitioned the District Court for a certificate.

"[T]his Court's jurisdiction in cases of unjust conviction and imprisonment is set forth by statute, but it is severely restricted." Humphrey v. United States, 52 Fed. Cl. at 598 (citing 28 U.S.C. §§ 1495, 2513). In the case currently before the court plaintiff has not provided a certificate of innocence from the trial court that set aside his conviction, and has not sufficiently demonstrated that he did not commit the acts with which he was

charged, or brought about his own prosecution through misconduct or neglect. "When a suit is brought and no showing is made that the plaintiff has obtained the requisite certificate of innocence by the court, or pardon, this Court will not entertain the claim." <u>Humphrey v. United States</u>, 52 Fed. Cl. at 598 (citations omitted).

## CONCLUSION

Because plaintiff has not satisfied the requirements of 28 U.S.C. § 1495 and 28 U.S.C. § 2513, at this time, plaintiff's complaint is **DISMISSED**, **WITHOUT PREJUDICE**. Plaintiff's Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> is moot. The Clerk of Court shall enter **JUDGMENT** consistent with this Order.


**IT IS SO ORDERED**.

<u>s/Marian Blank Horn</u>
**MARIAN BLANK HORN**
**Judge**